UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AARON SINGLETON,

                Plaintiff,

-against-

CITY OF NEW YORK COMPTROLLER OFFICE, NEW YORK DEPARTMENT OF SOCIAL SERVICE, NEW YORK STATE CHILD SUPPORT,

                Defendants.

20-CV-8591 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, currently incarcerated on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that settlement money owed to him by the New York City Comptroller's Office "was given to child support by a lien placed by the NYS Department of Taxation Referral Unit, NYC Department of Finance, Collections Division" without Plaintiff's consent.

    By order dated January 5, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In this action, Plaintiff objects to the fact that settlement proceeds owed to him were garnished to pay his child support arrears. Plaintiff names as defendants the New York City Comptroller's Office ("Comptroller's Office") and two agencies, "New York State Child Support" and "New York State Department of Social Services," both of which, he alleges, were involved in garnishing the settlement award. Documents attached to the complaint suggest that Plaintiff is referring to the New York State Division of Child Support Services, or the New York City Child Support Enforcement Unit or its Support Collection Unit, or all three.

Plaintiff alleges the following facts: On July 20, 2020, his "settlement money from the New York City Comptroller Office was given to child support by a lien placed by NYS Department of Taxation Referral Unit, NYC Department of Finance, Collections Division without [Plaintiff's] consent which is a violation of [his] 5th Amendment of the United States Constitution." (ECF 2, at 5.)

Documents attached to the complaint show that effective December 9, 2015, Plaintiff was obligated to pay child support of $75.79 weekly, and that the funds were payable through the Support Collection Unit. (ECF 2, at 18.) As of May 29, 2020, Plaintiff owed a total of $20,819.76 in unpaid child support. (ECF 2, at 32.)

At some point, Plaintiff filed a claim against New York City. The claim was settled on May 7, 2020, for $9,000. (ECF 2, at 36.) As Plaintiff's attorney in that matter informed him,

however, a child support lien had been filed against him, and the net amount of his settlement proceeds, $5,567.00,[2] would therefore be paid directly to the Support Collection Unit. (Letter from attorney dated July 7, 2020, ECF 2, at 38; *see also* ECF 2, at 32-33 (June 15, 2020 Execution with Notice to Garnishee served on NYC Dep't of Finance by Support Collection Unit); ECF 2, at 36-37 (May 8, 2020 Restraining Notice served by Support Collection Unit, notifying NYC Dep't of Finance of restraint on settlement proceeds).) The attorney later sent Plaintiff a copy of the check issued to the Support Collection Unit in the amount of $5,567.00. (ECF 2 at 40-41.)

## DISCUSSION

**A.     Eleventh Amendment Immunity**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the New York State Department of Social Service are therefore barred by the Eleventh Amendment and are dismissed.

---

[2] This was the amount of the settlement minus attorney's fees. (ECF 2, at 31.)

**B.     Child Support**

Plaintiff's claim, arising out of the garnishment of his settlement proceeds to pay child support arrears, is barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) *complains of injuries caused by the state-court judgment*, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). Thus, the doctrine bars

> a federal suit [that] complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it. Where a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear.

*Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005).

A plaintiff's challenge in a federal district court to "the validity or enforcement of [a] child support order itself" is barred by the *Rooker-Feldman* doctrine. *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013). The *Rooker-Feldman* doctrine also bars claims arising out of a third party's actions when those actions "are produced by a state-court judgment and not simply

4

ratified, acquiesced in, or left unpunished by it." *Hoblock*, 422 F.3d at 88 (holding that "[w]here a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that" the *Rooker-Feldman* doctrine bars). "Courts have applied this doctrine to bar claims challenging the enforcement of child-support orders by garnishment, seizure, and suspension of a child-support debtor's driver's license." *Ganiyu v. Lopez*, No. 1:19-CV-11605, 2020 WL 1467356, at *3 (S.D.N.Y. Mar. 25, 2020 (collecting cases); *see also Remy v. New York State Dep't of Tax. and Finance*, 507 Fed. Appx. 16, 18 (2d Cir. 2013) (holding that the *Rooker-Feldman* doctrine barred a § 1983 action challenging a state court's child support orders), *affirming Remy v. NYS Dep't of Taxation and Finance*, 2010 WL 3926919 (E.D.N.Y.,2010).

Even where a plaintiff argues that his constitutional rights were violated during state court proceedings regarding a child support order, the *Rooker-Feldman* doctrine applies. *See, e.g.*, *Remy*, 2010 WL 3926919, at *3 (holding that plaintiff's argument that child support judgment violated his constitutional rights, if accepted, "would obliterate the *Rooker-Feldman* doctrine"); *Davis v. Westchester Cty. Fam. Ct.*, No. 16-CV-9487 (KMK), 2017 WL 4311039, at *8 (S.D.N.Y. Sept. 26, 2017) (noting that a challenge to "the constitutional adequacy of the proceedings [wa]s of no help to" the plaintiff because the *Rooker-Feldman* doctrine applied) (collecting cases).

Here, the claims against the Comptroller's Office and "New York State Child Support" (presumably the New York City Support Collection Unit) are barred under the *Rooker-Feldman* doctrine because each of these defendants acted in compliance with a state court order – the Support Collection Unit was complying with a court order when it made efforts to collect money

from plaintiff, and the Comptroller's Office was complying with a court order when it released Plaintiff's settlement money to the Support Collection Unit.

Because Plaintiff's claims challenge the underlying child support order and its enforcement, the *Rooker-Feldman* doctrine bars this Court from considering those claims.

**C.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**D.     Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

SO ORDERED.

Dated:   March 15, 2021
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.